SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 31 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**NATASHA McMILLAN**                                                                   **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.** 3:23-cv-569 HTW-LGI

**MISSISSIPPI ACHIEVEMENT**
**SCHOOL DISTRICT; EARL WATKINS,**
**IN HIS OFFICIAL AND INDIVIDUAL**
**CAPACITIES**                                                                      **DEFENDANTS**

## COMPLAINT

### (JURY TRIAL REQUESTED)

**COMES NOW** NATASHA MCMILLAN, by and through her attorney, and files this COMPLAINT against the Defendants MISSISSIPPI ACHIEVEMENT SCHOOL DISTRICT and EARL WATKINS, IN HIS OFFICIAL[1] AND INDIVIDUAL CAPACITIES, stating as follows:

### JURISDICTION AND VENUE

1.   This suit is authorized and instituted pursuant to Title VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. §§ 2000, *et seq.*; THE CIVIL RIGHTS ACT of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983; FAIR LABOR STANDARD ACT; and, the FOURTEENTH Amendment of the UNITED STATES CONSTITUTION. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000E-5(f); 28 U.S.C. § 1343(a)(3) and (4); and, 28 U.S.C. § 1331.

---

[1] An official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165 S.Ct. 3099, 87 L.Ed.2d 114 (1985). *See also, Lewis v. Pugh*, 289 F. App'x 767, 772 (5th Cir. 2000).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part or all of the events or omissions giving rise to these claims complained of by Plaintiff occurred in Yazoo County, Mississippi.

## PARTIES

3.      Plaintiff NATASHA MCMILLAN (hereinafter "McMillan") is an adult resident citizen of Humphreys County, Mississippi.

4.      MISSISSIPPI ACHIEVEMENT SCHOOL DISTRICT is a specially established public school district created June 1, 2009 to administer the Humphreys and Yazoo public schools.

5.      Defendant EARL WATKINS, in his Official and Individual Capacities, (hereinafter "Defendant Watkins") is the Superintendent of the MISSISSIPPI ACHIEVEMENT SCHOOL DISTRICT (hereinafter "MASD"). At times herein, Defendant Watkins was acting within the course and scope of his appointed public office with MASD. Defendant Watkins may be served with process of this Court by service at his place of employment, 1133 Calhoun Avenue, Yazoo City, Mississippi 39194 or as otherwise permitted by the FEDERAL RULES OF CIVIL PROCEDURE.

## STATEMENT OF FACTS

6.      Plaintiff NATASHA MCMILLAN is an adult resident of Humphreys County, Mississippi.

7.      Plaintiff McMillan was appointed as a Librarian in Humphreys County, Mississippi Public Schools in 2016.

8. Plaintiff McMillan continued in the position of Librarian until May 2023.

9. Plaintiff McMillan had a medical procedure in October 2022. The procedure required Plaintiff McMillian to be off work for three weeks.

10. While Plaintiff McMillan was approved to take off from work, she was not offered FMLA.

11. In January 2023, MASD personnel raised an issue with Plaintiff McMillan's timesheet. In short, MASD accused Plaintiff McMillan of improperly receiving pay for the time she was on medical leave.

12. MASD thereafter began harassing Plaintiff McMillan regarding her medical leave, including, but not limited to:

- Unnecessarily expanding the personnel used to investigate Plaintiff McMillan;
- Making ever increasing accusations;
- Directly contacting Plaintiff McMillan's medical providers;
- Involving Dr. Watkins' name in a coercive manner;
- Changing Plaintiff McMillan's job duties.

13. All of these acts were undertaken by Dr. Watkins or someone upon his authority.

14. These actions prompted Plaintiff McMillan into episodes of anxiety and related medical conditions necessitating professional medical and therapeutic treatment.

15. While Plaintiff McMillan was ultimately allowed to take FMLA in the Spring of 2023, MASD terminated her contract at the end of April 2023.

16. Plaintiff McMillan thereafter filed a charge on the basis of disability with the EEOC. The EEOC has issued a right-to-sue letter.

## CAUSES OF ACTION

17. Plaintiff McMillan incorporates by reference Paragraphs 1 through 16 above as though each was restated entirely.

### COUNT I.   TITLE VII

18. Plaintiff McMillan incorporates by reference Paragraphs 1 through 20 above as though each was restated entirely.

19. Plaintiff McMillan was a duly contracted public school employee whose terms of employment were altered as a result of her exercising her medical condition/disability.

20. Plaintiff McMillan has exhausted her pre-suit administrative remedies by filing a complaint with the United States Equal Employment Opportunity Commission, and receiving a right to sue letter.

21. As a proximate consequence of the actions of the Defendants, Plaintiff McMillan suffered damages and economic harm.

### COUNT II.   FMLA

22. Plaintiff McMillan incorporates by reference Paragraphs 1 through 21 above as though each was restated entirely.

23. MASD is a covered employer under FLSA. Plaintiff McMillan was an employee eligible for FMLA.

24. Plaintiff McMillan had a qualifying serious health condition. Supervisory employees with MASD were aware of Plaintiff McMillan's qualifying health conditions.

25. MASD, either by custom, policy or practice, or at the direction of Defendant Watkins, failed to afford appropriate FMLA to Plaintiff McMillan.

26. As a proximate consequence of the actions of Defendants, Plaintiff McMillan suffered damages and economic harm.

## DAMAGES

27. Plaintiff McMillan adopts and restates by reference Paragraphs 1 through 26 above as though each was restated entirely.

28. As a consequence of the foregoing misconduct of Defendants, Plaintiff McMillan sustained damages, including great mental distress, depression, insomnia, shock, fright and humiliation, loss of employment (back and future wages), loss of benefits and other economic losses.

29. As a consequence of the foregoing misconduct of Defendants, Plaintiff McMillan has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## REQUEST FOR RELIEF

Plaintiff NATASHA MCMILLAN requests that the Court issue the following relief:

a. Award Plaintiff NATASHA MCMILLAN reinstatement or, in the alternative, front pay, equitable back pay, economic damages for her lost pay and fringe benefits, together with compensatory and punitive damages for intentional retaliation in an amount to be determined by a jury of her peers;

b. Award Plaintiff NATASHA MCMILLAN damages for past, present and future mental anguish, as well as other damages allowed by law;

c. Award Plaintiff NATASHA MCMILLAN attorney fees, costs and expenses of litigation; and,

d. Award Plaintiff NATASHA MCMILLAN punitive damages to punish Defendants for their unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff NATASHA MCMILLAN demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorney fees, plus interest, and for any other relief which this Court deems just and proper.

Respectfully Submitted, this the 31st day of August, 2023.

NATASHA MCMILLAN

BY: _____
PIETER TEEUWISSEN, MSB No. 8777

SIMON & TEEUWISSEN, PLLC
621 EAST NORTHSIDE DRIVE
JACKSON, MISSISSIPPI 39206
OFFICE:    601-362-8400